**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

                    Plaintiff,

                                      Crim. No. 08-213 (RHK/AJB)
                                          **ORDER**

v.

Michael David Roberts,

                    Defendant.

This matter is before the Court on the parties' pre-trial Motions, which were heard on April 14, 2009. Each is addressed in turn below.

       1.    <u>Motion to sever.</u> The Superseding Indictment in this case contains 7 counts: deprivation of honest services via wire fraud (counts 1-3), unauthorized access to a protected computer (count 4), and filing false tax returns (counts 5-7). The first four counts (hereinafter, the "bribery counts") arise out of the alleged acceptance by Defendant, a Minneapolis police officer, of $200 in bribes in return for providing confidential information to an individual involved in criminal activity. The remaining three counts (hereinafter, the "tax counts") allege that Defendant filed false income tax returns for calendar years 2005, 2006, and 2007 because he did not report income he had received from off-duty security work. The factual averments in the Superseding Indictment vis-a-vis the tax counts are not referenced in the bribery counts, and vice versa.

Defendant now moves to sever the tax counts from the bribery counts, arguing that (1) they are not properly joined under Federal Rule of Criminal Procedure 8, and (2) even if they are properly joined, a joint trial would be unduly prejudicial. Because the Court agrees with the first argument, it need not consider the latter one. See, e.g., United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985).

Under Rule 8(a), multiple offenses against a defendant may be joined in an indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Government posits that the tax counts are of similar character to the bribery counts because "they are all crimes of dishonesty." (Mem. in Opp'n at 2.) Adopting this argument, however, would render the phrase "similar character" in Rule 8(a) meaningless. Indeed, under such logic, *all* crimes could be joined because they are of a "similar character" – that is, they all involve violations of the law. Rule 8(a) may cast a wide net, e.g., United States v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006) (noting rule is "broadly construed in favor of joinder"), but its terms "are not infinitely elastic." United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996).

In the Court's view, the Government's overbroad interpretation of the phrase "similar character" cannot stand. The Eighth Circuit has stated that "similar character" means "'[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) (citation omitted). The tax counts and the bribery counts simply do not fit this definition. The

elements of the crimes charged in the tax counts are wholly distinct from the elements of the crimes charged in the bribery counts. The evidence necessary to prove the two sets of charges is substantially different. See Randazzo, 80 F.3d at 628 (overlapping evidence not enough; court must look to "the *important* evidence") (emphasis added). Indeed, the tax counts make no mention of, and do not incorporate by reference, the bribery counts or the facts underlying them, a telling sign that they are distinct both factually and evidentially. See United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (indictment must reveal basis for joinder "on its face").[1] At least two of the tax counts concern income earned long before the alleged bribes were taken. See Johnson, 462 F.3d at 821 (temporal proximity important factor in evaluating propriety of joinder). And in no realistic sense can the failure to disclose income on a tax return be viewed as similar to the acceptance of bribes and the concomitant violation of public trust placed in police officers. See Randazzo, 80 F.3d at 628 ("[W]hatever the rationale, we think that it is very hard to describe adulterating or misbranding shrimp as offenses 'similar' to tax fraud – except at a level of generality so high as to drain the term of any real content.").

For these reasons, Defendant's Motion to Sever (Doc. No. 115) is **GRANTED** and the Court will sever trial on counts 1-4 from counts 5-7.

---

[1] For this reason, the Court finds irrelevant the Government's assertion that Defendant failed to disclose as income the $200 bribe he allegedly received – that purportedly unreported "income" is nowhere mentioned in the tax counts. See United States v. Grey Bear, 863 F.2d 572, 576 (8th Cir. 1988) ("[T]he validity of the joinder [is] to be determined solely by the allegations in the indictment.") (citation omitted).

2. Motion for *Kastigar* hearing. For the reasons stated on the record, this Motion (Doc. No. 117) is **DENIED WITHOUT PREJUDICE**, as it appears to be moot.

3. Defendant's Motion *in Limine*. For the reasons stated on the record, this Motion (Doc. No. 119) is **DENIED** as moot.

4. Government's Motions *in Limine* to exclude arguments regarding selective prosecution and entrapment. At the hearing, both parties and the Court agreed that it is difficult to evaluate these Motions absent more information concerning Defendant's theory of defense. Defense counsel then proposed submitting to the Court for *in camera* review materials setting forth the theory of defense and the evidentiary basis therefor. Accordingly, the Court will **DEFER** resolution of these Motions until after submission of such materials.

5. Government's Motions *in Limine* to exclude improper character evidence and Defendant's statements of intent. For the reasons stated on the record, the Court will **DEFER** resolution of these Motions until the start of trial.

Dated: April 14, 2009       s/Richard H. Kyle
                            RICHARD H. KYLE
                            United States District Judge